Person, J.
 

 If the arbitrators had exceeded their authority, in assessing ten dollars as damages instead of " six pence” the objection would not extend to the whole award as far as the amount is divisible. The excess could be rejected' as surplusage. But the arbitrators did not exceed their authority. It was proper for them to assess the actual damages, so as to make the award final, and prevent the necessity of an action for mesne profits, which,
 
 *440
 
 when confined to the time laid in the demise, is a mere elongation of the action of ejectment; that action being divided, at the suggestion of the Court, into two parts in order to save time and merely as a matter of convenience.
 

 The declaration in ejectment demands damages and originally nothing else was recovered. Afterwards the Court made the remedy more adequate, by adding a writ of possession, but in form it is still an action for damages only, and when by the adoption of the fictions invented by Chief Justice Rolle, ejectment t became the most convenient, cheap, easy and speedy remedy, as well for all having an estate of freehold, as for those having estates less than freehold, and when, in consequence thereof, ejectment almost universally took the place of real actions and became the mode of trying titles; it was seen that a great deal of time was unnecessarily, in many cases, consumed in the examination of witnesses and in the discussion of the question of damages. For, if, upon the title the case was with the defendant, then the expense of witnesses in general to the amount of damages and the time consumed in their examination and the discussing incident thereto, was “ labor lost,” and in the cases, where an inquiry as to the question of damages was made necessary by a verdict in favor of the plaintiff upon “
 
 the title,”
 
 such inquiry had a tendancy to distract the jury and call off attention from the main question, and it was better for both paties to postpone it. Hence it was suggested by the Court and acquiesced in by the profession, that the action might be divided, so as to let the question of
 
 title alone
 
 be passed on in the ejectment, with nominal damages, “ for conformity,” if the title was with the plaintiff, and leave the amount of damages to be ascertained by an action for the mesne profits.
 

 This has been the universal practice, but it would not be error for the Court to instruct the jury, that, if they found for the plaintiff upon the title, they were at liberty
 
 *441
 
 to find actual damages for the time the defendant had wrongfully kept the lessor of the plaintiff out of possession ; and in some cases it is necessary for the jury, in the action of ejectment, to find the actual damage, as if the lessor be to pay rent for years, when the term expires pending the action, or tenant for life,
 
 or pur autre vie,
 
 and his estate terminates pending the action. In such cases an action for
 
 mesne
 
 profits cannot be brought, because it is an action of trespass Q,. C. F., and it is necessary to regain the possession, so that, by the fiction, it can relate back to the prior possession ; and as this cannot be done, the amount of damages must be assessed in the action of ejectment. It is a plain analogy, as arbitrators are required to make a final award, and no secondary action is contemplated, that when, an action of ejectment is referred, the actual damages should be assessed according to the form of the action, and the ancient practice. The second exception, that the award is vague and uncertain is not well founded. It fixes upon a certain line, as the dividing line between the parties, and it is plainly to be intended, that the lessor is to be put into possession up to this line. So the Court is enabled to give judgment for the entire damages and cost and to order a writ of possession in favor of the lessor. Herein it is plainly distinguishable from
 
 Duncan
 
 v.
 
 Duncan,
 
 1 Ire.
 
 466,
 
 which was relied on by the defendant. There the referees said, that the plaintiff had paid the defendant #1544, and conveyed to her three fourths of the whole amount of land purchased of the executors of Charles Findley deceased, to be taken off of the upper part of said land. The award was uncertain and vague, because it did not show what land had been purchased of the executors of Findley, and it did not fix on any definite line, by which the portion allowed was to be taken off of the upper part: so judgment could be rendered, by which to carry the award into
 
 effect;
 
 because to do so
 
 *442
 
 required a conveyance and a deed for a specific performance, which could not be made in ejectment. Sd. There is no force in the last exception. The arbitrator, by aid of the surveyor named in the order of reference, had fixed on a line, up to which the lessor is entitled to have possession ; they have assessed entire damages and have dipos-ed of the costs. This is it seems to us — a final complete disposition of all the matters referred.
 

 Pee Cukiam. Judgment affirmed.